IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

Elaine N. Toland,

                    Plaintiff,

v.                                                    Case No. 06-2068-JWL

John E. Potter, Postmaster General,
United States Postal Service,

                    Defendant.


**MEMORANDUM & ORDER**

Plaintiff filed suit against her employer, the United States Postal Service, alleging gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (ADA); and age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (ADEA) and the Kansas Act Against Discrimination, K.S.A. § 44-1001 et seq. (KAAD). This matter is presently before the court on several motions filed by defendant.

Defendant first moves to dismiss Count III of plaintiff's complaint (doc. 6), her disability discrimination claim, arguing that this defendant is not subject to suit under the ADA and that plaintiff's sole remedy for disability discrimination is under the Rehabilitation Act of 1973. Defendant also acknowledges that the court may permit plaintiff to amend her complaint to assert this claim under the Rehabilitation Act. In response, plaintiff expressly asks the court for leave to amend Count III to assert disability discrimination pursuant to the Rehabilitation Act. The court,

then, grants defendant's motion as unopposed and dismisses plaintiff's disability discrimination claim under the ADA. Plaintiff, however, is granted leave to amend her complaint, on or before August 18, 2006, to assert a disability discrimination claim under the Rehabilitation Act.

Defendant also moves to dismiss plaintiff's claims under the KAAD (doc. 8) on the grounds of sovereign immunity. In response, plaintiff expressly concedes that her KAAD claims should be dismissed. The court, then, grants defendant's motion as unopposed and dismisses plaintiff's claims asserted under the KAAD.

Defendant next moves to dismiss plaintiff's claim for punitive damages (doc. 10), arguing that such damages are not available against this defendant. In response, plaintiff expressly "agrees with Defendant's arguments" and asks the court to dismiss her claim for punitive damages. The court, then, grants defendant's motion as unopposed and dismisses plaintiff's claim for punitive damages.

Defendant moves to dismiss plaintiff's claims for certain damages on her ADEA claim (doc. 12). Specifically, defendant moves to dismiss plaintiff's claims for compensatory damages on the grounds that such damages are not available under the ADEA; plaintiff's claim for liquidated damages on the grounds that such damages are not available against this defendant; and plaintiff's claim for attorneys' fees under the ADEA on the grounds that this defendant is not liable for attorneys' fees under the ADEA. Defendant expressly acknowledges, however, that plaintiff can seek attorneys' fees related to her ADEA claim under the Equal Access to Justice Act (EAJA). In response, plaintiff expressly concedes that she cannot recover compensatory damages or liquidated damages on this claim and states that her claim for attorneys' fees related to her ADEA

2

claim will be made pursuant to the EAJA.  The court, then, grants defendant's motion as unopposed and dismisses plaintiff's claims for compensatory damages, liquidated damages and attorneys' fees under the ADEA.  The court will permit plaintiff to seek attorneys' fees related to her ADEA claim pursuant to the EAJA.

Finally, defendant moves to strike plaintiff's demand for a jury trial on her ADEA claim (doc. 14), asserting that plaintiff is not entitled to a jury trial on her ADEA claim against this defendant.  In response, plaintiff expressly agrees that she is not entitled to a jury trial on that claim and agrees to try that claim to the court.  The court, then, grants defendant's motion as unopposed and strikes plaintiff's demand for a jury trial on her ADEA claim.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss Count III of plaintiff's complaint (doc. 6) is **granted**; defendant's motion to dismiss plaintiff's claims under the KAAD (doc. 8) is **granted**; defendant's motion to dismiss plaintiff's claim for punitive damages (doc. 10) is **granted**; defendant's motion to dismiss plaintiff's claims for certain damages on her ADEA claim (doc.12) is **granted**; and defendant's motion to strike plaintiff's demand for a jury trial on her ADEA claim (doc. 14) is **granted**.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff shall file an amended complaint asserting her disability discrimination claim pursuant to the Rehabilitation Act of 1973 on or before **Friday, August 18, 2006.**

3

**IT IS SO ORDERED.**


Dated this **3ʳᵈ day of August, 2006**, at Kansas City, Kansas.


<u>**s/John W. Lungstrum**</u>
John W. Lungstrum
United States District Judge

4